**SCHIAN WALKER, P.L.C.**
3550 NORTH CENTRAL AVENUE, #1700
PHOENIX, ARIZONA 85012-2115
TELEPHONE: (602) 277-1501
FACSIMILE: (602) 297-9633
E-MAIL: ecfdocket@swazlaw.com
DALE C. SCHIAN, #010445
CODY J. JESS, #025066
Attorneys for Roepstorff

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | No. 0-10-bk-30231-RJH |
| THOR OLSEN, | CHAPTER 15 |
| Debtor. | **APPLICATION PURSUANT TO CHAPTER 15 SEEKING ENTRY OF AN ORDER RECOGNIZING FOREIGN MAIN PROCEEDING AND GRANTING PROVISIONAL INJUNCTIVE AND RELATED RELIEF** |

      Michala Roepstorff ("**Trustee**"), the duly-appointed Curator (trustee) in the bankruptcy case of Thor Olsen (the "**Debtor**") filed in Holbæk, Denmark on April 20, 2010 (Case No. SKS 50-201/2010 og SKS 50-200/2010) (the "**Danish Proceeding**"), by and through her United States counsel, Schian Walker, P.L.C., files this application (the "**Application**") pursuant to Chapter 15 of the United States Bankruptcy Code (the "**Code**") seeking (i) recognition of the Danish Proceeding as a "foreign main proceeding" pursuant to § 1515 of the Code; (ii) provisional relief pursuant to § 1519(a)(2) and (3) of the Code; (iii) an order specifying the form and manner of service in this Chapter 15 case; and (iv) an order setting a hearing on the Application. In support of this Application, the Trustee alleges as follows:

## I.    INTRODUCTION

      1.    On September 22, 2010, the Trustee commenced this Chapter 15 case pursuant to § 1504 of the Code by filing a Chapter 15 petition (the "**Chapter 15 Petition**") and the supporting

documentation[1] required by § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**").

2.     Pursuant to § 1517, the Trustee seeks an order granting recognition of the Danish Proceeding as a "foreign main proceeding," as defined in § 1502(4), and recognition of the Trustee as the "foreign representative" of the Danish Proceeding.

3.     Pursuant to § 1519, the Trustee seeks an order granting provisional injunctive relief pending an order approving this Application.

4.     Pursuant to Bankruptcy Rules 9007 and 2002(q)(1), the Trustee seeks an order approving the notice and manner of service of the Chapter 15 Petition and related documents and setting a hearing date on the Application.

## II.     JURISDICTION AND VENUE

5.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1410(3) because the Debtor is, upon information and belief, now residing in Arizona and owns significant real and personal property located in this district.  Accordingly, venue will be consistent with the interests of justice and the convenience of the parties.

## III.     FACTUAL BACKGROUND

7.     The Declaration recites facts pertinent and necessary to sustain the request for recognition of the Danish Proceeding as a "foreign main proceeding" pursuant to §§ 1515 and 1517 and for the relief automatically available upon such recognition pursuant to § 1520 of the Code, including, without limitation, evidence that:

a.     The Danish Proceeding is a "foreign proceeding" as that term is defined in § 101(23) that was duly commenced and is pending in Holbæk, Denmark, and has been authorized and

---

[1] The *Declaration of Michala Roepstorff Pursuant to 11 U.S.C. § 1515 and Bankruptcy Rule 1007(a)(4)* (the "**Declaration**") is filed concurrently herewith and incorporated by this reference.

sanctioned by the Court in Holbæk, Denmark;

b. The Danish Proceeding is the only foreign proceeding with respect to the Debtor of which the Trustee has knowledge; and

c. The Debtor's habitual residence is Strandvejn 12, 4532 Gislnge, Denmark, which is his center of main interests.

8. On April 20, 2010, an involuntary petition was filed against the Debtor in Holbæk, Denmark (the "**Petition Date**").

9. On June 28, 2010, the Trustee was appointed as the "Curator" (a Danish trustee) in the Danish Proceeding.

10. Under applicable Danish bankruptcy law, all assets of the Debtor have vested in the Trustee.

11. Sometime after the Petition Date, the Debtor fled Denmark and, upon information and belief, now resides in Arizona.

12. Although the Debtor's habitual residence is in Denmark, which is his center of main interests, the Debtor owns certain real property in Lake Havasu City, Arizona, located at 3209 Dolphin Drive, Lake Havasu City, Arizona 86403. *See* **Exhibit "1"** (recorded document search, Mohave County Recorder). The Debtor also owned a condominium located at 777 Harrah Way #413, Lake Havasu City, Arizona 86403, which he recently sold. *See* **Exhibit "2"** (Warranty Deed dated April 1, 2010).

13. Additionally, the Debtor, through February 14, Inc., an Arizona corporation, owns a 50% interest in a gas station located at 1521 Industrial Boulevard, Lake Havasu City, Arizona 86403 known as the "Campbell Cove 1-Stop." Campbell Cove 1-Stop, *available at* http://www.campbellcove1stop.com/; *see also* **Exhibit "3"** (Arizona Corporation Commission report for February 14, Inc.).

**IV.    REQUEST FOR ENTRY OF ORDER GRANTING RECOGNITION**

14.    "Chapter 15 of the Bankruptcy Code was enacted in 2005 to implement the Model Law on Cross-Border Insolvency formulated by the United Nations Commission on International Trade law . . . in a process in which the United States was an active participant." *In re Iida*, 377 B.R. 243, 256 (B.A.P. 9th Cir. 2007) (citations omitted).   The purpose of Chapter 15 is to "provide effective mechanisms" for dealing with cross-border insolvency, "with the objectives" of "cooperation between" courts of the United States and courts of foreign countries.  11 U.S.C. § 1501(a)(1)(A) and (B).

15.    The Danish Proceeding and the Trustee are entitled to recognition under § 1517 of the Code because the Danish Proceeding is a "foreign proceeding" within the meaning of § 101(23), in that the Debtor's assets are under the supervision and control of the Trustee pursuant to Danish insolvency laws.

16.     The Danish Proceeding is a "foreign main proceeding" as defined in § 1502(4) because the Debtor's habitual residence is in Denmark, which is his center of main interests within the meaning of § 1516(c).

17.    The Trustee is a "foreign representative" within the meaning of § 101(24).

18.    Recognizing the Danish Proceeding as a foreign main proceeding would not be manifestly contrary to public policy of the United States under § 1506, but will instead promote the public policy of the United States of respecting foreign proceedings as articulated in, among other statutory provisions, §§ 1501(a) and 1508.  Moreover, Danish and American insolvency laws have consistent objectives.  As American courts have recognized, "[t]he guiding premise of both U.S. and Danish bankruptcy law is equality of distribution among creditors." *CSL Australia Pty. Ltd. v. Britannia Bulkers PLC*, 2009 WL 2876250, at *4 (S.D.N.Y. Sept. 8, 2009).

19.    Accordingly, pursuant to § 1517, the Trustee seeks recognition of the Danish Proceeding as a foreign main proceeding and hereby seeks entry of an order of this Court, substantially in the form of the proposed order attached hereto as **Exhibit "4,"** granting the following relief in

support of the Danish Proceeding ("**Proposed Recognition Order**"):

        a.  Recognition of the Danish Proceeding as a "foreign main proceeding" as defined in § 1502(4);

        b.  Recognition of the Trustee as the "foreign representative" of the Debtor within the meaning of § 101(24) for all purposes under Chapter 15; and

        c.  Granting all relief afforded foreign main proceedings automatically upon recognition pursuant to § 1520.

## V.    REQUEST FOR ENTRY OF AN ORDER GRANTING PROVISIONAL RELIEF

20.    To best preserve the Debtor's assets for the benefit of all creditors and to promote a uniform and equitable resolution of all the Debtor's liabilities, the Trustee also seeks provisional injunctive relief pursuant to § 1519 pending entry of the Proposed Recognition Order. Interim relief is necessary under Chapter 15 because, upon information and belief, the Debtor is disposing, encumbering, and/or secreting away his assets.

21.    The provisional relief requested herein is authorized by Chapter 15. Section 1519 specifically provides for provisional relief, including entrusting the administration of a debtor's assets to the foreign representative in order to protect and preserve the value of the assets that may be in jeopardy based on the circumstances present. Moreover, § 1519(a)(3) provides for the relief specified in § 1521(a)(3), (4), or (7), (relief that may be granted upon recognition), if, among other things, such relief is urgently needed to protect the debtor's creditors' interests. Here, in order to prevent the Debtor from further disposing, encumbering and/or secreting away assets, the Trustee requests that she be entrusted with the administration of the Debtor's assets pursuant to § 1519, that the Debtor's right to transfer, encumber or otherwise dispose of any assets be suspended pursuant to § 1521(a)(3), and that to better understand the Debtor's assets, affairs, rights, obligations and/or liabilities, the Trustee be permitted to examine the Debtor pursuant to § 1521(a)(4).

22.    The Trustee believes that the provisional relief requested herein is necessary and

appropriate given the Debtor's departure from Denmark to avoid the Danish Proceeding and the recent sale of certain of his real property assets in Arizona.  Unless the provisional relief requested is granted, the bankruptcy estate of the Debtor in the Danish Proceeding will be immediately and irreparably harmed by the Debtor's unscrupulous conduct, to the detriment of all of the Debtor's creditors.

23.    The Trustee satisfies the requirements for provisional relief.  Pursuant to § 1519(e), "the standards, procedures, and limitations applicable to an injunction shall apply to relief under this section."  "A party seeking a preliminary injunction traditionally must establish four criteria: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury if the requested relief is not granted, (3) a balance of hardships favoring that party, and (4) public policy favoring a grant of the injunction." *Arizona Ass'n of Providers for Persons with Disabilities v. State*, 223 Ariz. 6, 12, 219 P.3d 216, 222 (App. 2009) (citing *Shoen v. Shoen,* 167 Ariz. 58, 63, 804 P.2d 787, 792 (App.1990)). Here, there is a strong likelihood that recognition of the Chapter 15 Petition will be granted.  The Danish Proceeding is a foreign proceeding, the Trustee is the foreign representative, this case is proper under Chapter 15, and this Chapter 15 case was properly commenced.

24.    The possibility of irreparable injury if the provisional relief requested herein is not granted is high.  If the Debtor is not prevented from disposing, encumbering and/or secreting away assets, estate property will be depleted, a fair and equitable distribution of the Debtor's assets in the Danish Proceeding will be disrupted, and all of the Debtor's creditors will suffer.

25.    The balance of hardships favors the Trustee.  The provisional relief will allow the Trustee to administer the Debtor's assets and preserve and protect them for the benefit of all creditors, a key tenet of insolvency law throughout the world.

26.    Finally, public policy favors the preservation of estate assets for the benefit of a debtor's creditors that belong to a foreign debtor, but are located in the United States.

27.    Accordingly, the Trustee seeks entry of an order of this Court, substantially in the form of the proposed order attached hereto as **Exhibit "5,"** granting the following provisional relief in

support of the Danish Proceeding pending entry of the order of recognition ("**Proposed Provisional Relief Order**"):

      a. Entrusting the administration or realization of all of the Debtor's assets located in the United States to the Trustee;

      b. Suspending the Debtor's right to transfer, encumber or otherwise dispose of any assets; and

      c. Providing for the examination of the Debtor, the taking of evidence or the delivery of information evidencing the Debtor's assets, affairs, rights, obligations and/or liabilities in the United States.

## VI. REQUEST FOR AN ORDER SPECIFYING THE FORM AND MANNER OF SERVICE AND SCHEDULING A HEARING ON THE APPLICATION

28.    The Trustee respectfully requests that the Court approve the notice and manner of service of the notice of the Chapter 15 Petition pursuant to Bankruptcy Rules 9007 and 2002(q)(1), and that the Court set a hearing date on the Application.

29.    The Trustee seeks entry of an order of this Court, substantially in the form of the proposed order attached as **Exhibit "6"** (the "**Proposed Notice and Scheduling Order**"), which (1) approves the notice of the Chapter 15 Petition substantially in the form attached hereto as **Exhibit "7"** (the "**Proposed Notice**"); and (2) specifies the manner of service of the Proposed Notice; and (3) sets a date for the hearing on the Application.

30.    Pursuant to Bankruptcy Rule 2002(q)(1), the Trustee requests that service of the Proposed Notice, the Chapter 15 Petition and the related documents, including any order granting provisional relief (the "**Service Documents**") by U.S. Mail, first class postage prepaid, overnight courier, electronic transmission, or facsimile transmission upon the Debtor, all known creditors, and all other parties against whom relief is sought or their counsel, on or before a date to be set by the Court, be approved as sufficient notice of the Service Documents and the relief sought therein. The service will be done by the Trustee or its counsel rather than the Clerk of the Court.

31. The Trustee requests that the Court set a hearing on the Application on a date approximately 20 days after service as provided for in Bankruptcy Rule 2002(q)(1).

32. The Trustee requests that the Court also require any responses to the Chapter 15 Petition (or other Service Documents) must be made in writing describing the basis therefore and shall be filed with the Court electronically and served upon the Trustee's counsel at the address indicated above at least two (2) days prior to the hearing date.

WHEREFORE, the Trustee respectfully requests that the Court enter orders (1) recognizing the Danish Proceeding as a foreign main proceeding; (2) granting certain provisional injunctive relief pending entry of the recognition order; (3) approving the notice and manner of service and setting a hearing date on the Application; and (4) granting such other and further relief that may be appropriate under the circumstances.

DATED this 22nd day of September, 2010.

SCHIAN WALKER, P.L.C.


By /s/ CODY J. JESS, #025066
    Dale C. Schian
    Cody J. Jess
    Attorneys for Roepstorff

COPY of the foregoing sent
via Certified Mail this 22nd
day of September, 2010, to:

Thor Olsen
3209 Dolphin Drive
Lake Havasu City, Arizona  86403

and COPY mailed to:

United States Trustee
230 North First Avenue, #204
Phoenix, Arizona  85003-1706

/s/ JULIE LARSEN
143717.4

-8-

EXHIBIT "1"

# Document View

Warranty Deed - 2008026589

Book  Page
7171  618

| Fee Number | Number of Pages | Recording Date |
|---|---|---|
| 2008026589 | 3 | 04/15/2008 03:39:05 PM |

| Recording Fee | Document Date |
|---|---|
| $16.00 | 04/07/2008 |

| Related Number | Book | Page |
|---|---|---|

| Grantor | Grantee |
|---|---|
| JOUBRAN JOHN | OLSEN THOR |
| | OLSEN SUSANNE |

| Parcel | Subcode | Lot | Block | Tract | Unit | Section | Township | Range | Subdivision/Legal | Remarks |
|---|---|---|---|---|---|---|---|---|---|---|
| | | 2 | 5 | 123 | | | | | LAKE HAVASU CITY AZ | |
| | | 3 | 5 | 123 | | | | | LAKE HAVASU CITY AZ | |

**Notes**

**Return Address**

THOR & SUSANNE OLSEN
3209 DOLPHIN DR
Lake Havasu City Az 86404

Mailback Date
04/16/2008 01:06:12 PM

# EXHIBIT "2"

Recorded at the request of
Chicago Title Insurance Co., Lake Havasu City

When recorded mail to:
Marlo Brackelsberg
3474 Hwy 5 NW
Mohall, ND 58761

Escrow No.: CTM2010004563-CT28

Space above this line for Recorder's Use

## WARRANTY DEED

For the consideration of Ten Dollars, and other valuable considerations,

Thor Olsen and Susanne Olsen, husband and wife

does hereby convey to    Marlo Brackelsberg and Carolyn Brackelsberg, husband ane wife

the following real property situated in Mohave County, Arizona:

UNIT 413, QUEEN'S BAY RESORT CONDOMINIUMS, as set forth in Declaration of Horizontal Property Regime recorded July 30, 1990, in Book 1763 of Official Records, page 273, and amendments thereto, and according to the plat thereof recorded May 25, 1990, at Fee No. 90-35198, in the office of the County Recorder of Mohave County, Arizona.

TOGETHER with an undivided interest in and to the common elements as set forth in said Declaration and upon said Plat.

EXCEPT all oil, gas, coal and minerals whatsoever already found or which may hereafter be found in or under said land and all underground water in, under or flowing  through said land and water rights appurtenant thereto, as reserved by instrument recorded in Book 721 of Official records, page 673.

EXCEPT an undivided 1/16th of all oil, gases and other hydrocarbon substances, coal or stone, metals, minerals, fossils, and fertilizer of every name and description, together with all uranium, thorium or any other material which is or may be determined by the laws of the United States, the State of Arizona or decisions of courts to be peculiarly essential to the production of fissionable materials, whether or not of commercial value, as reserved by the State of Arizona 37-231, C., A.R.S., and in Patent of record.

SUBJECT TO:   Current taxes and other assessments, reservations in patents and all easements, rights of way, covenants, conditions and restrictions as may appear of record.

The undersigned hereby warrants the title against all persons whomscever, subject to the matters set forth.

Dated:  April 1, 2010

_____
Thor Olsen

_____
Susanne Olsen

## SEE ATTACHED NOTARY ACKNOWLEDGEMENT

State of Arizona

County of Mohave

The foregoing document was acknowledged before me this _2nd_ day of _April_____, 2010,
by   Thor Olsen and Susanne Olsen

(Seal)

**OFFICIAL SEAL**
**SUSAN L. ZINN**
Notary Public   State of Arizona
MOHAVE COUNTY
My Comm. Expires May 15, 2012

_Susan L. Zinn_
Notary Public

_Expires 5-15-2012_

Escrow No.  CTM2010004563-CT28                                    Space above this line for Recorder's Use

## ACCEPTANCE OF TENANTS IN COMMON

Marlo Brackelsberg and Carolyn Brackelsberg

each being duly sworn, upon oath, for himself or herself and jointly, but not one for the other, deposes and says:

THAT we are the Grantees named in that certain Warranty Deed which is dated April 1, 2010

executed by   Thor Olsen and Susanne Olsen as Grantor  to

Marlo Brackelsberg and Carolyn Brackelsberg   as Grantee  and which instrument concerns the following described property:

UNIT 413, QUEEN'S BAY RESORT CONDOMINIUMS, as set forth in Declaration of Horizontal Property Regime recorded July 30, 1990, in Book 1763 of Official Records, page 273, and amendments thereto, and according to the plat thereof recorded May 25, 1990, at Fee No. 90-35198, in the office of the County Recorder of Mohave County, Arizona.

TOGETHER with an undivided interest in and to the common elements as set forth in said Declaration and upon said Plat.

EXCEPT all oil, gas, coal and minerals whatsoever already found or which may hereafter be found in or under said land and all underground water in, under or flowing  through said land and water rights appurtenant thereto, as reserved by instrument recorded in Book 721 of Official records, page 673.

EXCEPT an undivided 1/16th of all oil, gases and other hydrocarbon substances, coal or stone, metals, minerals, fossils, and fertilizer of every name and description, together with all uranium, thorium or any other material which is or may be determined by the laws of the United States, the State of Arizona or decisions of courts to be peculiarly essential to the production of fissionable materials, whether or not of commercial value, as reserved by the State of Arizona 37-231, C., A.R.S., and in Patent of record.

THAT the interest of the undersigned are being taken by them as Tenants in Common.

THAT each of us individually and jointly hereby assert and affirm that it is our intention to accept said instrument as tenants in common and to acquire any interest in, or any proceeds arising out of said property as tenants in common.

Dated:  April 1, 2010

_____
Marlo Brackelsberg

_____
Carolyn Brackelsberg

### SEE ATTACHED NOTARY ACKNOWLEDGEMENT

## NOTARY ACKNOWLEDGMENT(S) TO ACCEPTANCE OF TENANTS IN COMMON

State of Arizona

County of Mohave

The foregoing document was acknowledged before me this 2nd day of April , 2010, by Marlo Brackelsberg and Carolyn Brackelsberg

(Seal)

**OFFICIAL SEAL**
**SUSAN L. ZINN**
Notary Public State of Arizona
MOHAVE COUNTY
My Comm. Expires May 15, 2012

_Susan L. Zinn_
Notary Public
Expires 5-15-2012

**NOTE:** The parties are cautioned that by completing and executing this document, legal rights, duties and obligations are created. By signing, the parties acknowledge that they have been advised to seek and obtain independent legal counsel as to all matters contained in the within document prior to signing same and that said parties have obtained advice or choose to proceed without same.

# EXHIBIT "3"

# Arizona Corporation Commission
## State of Arizona Public Access System

07/08/2010                                                                                                11:30 AM

## Jump To...

[Annual Reports](#)     [Scanned Documents](#)     [Microfilm](#)

| Corporate Inquiry | |
|---|---|
| **File Number:  -1403894-1** | |
| **Corp. Name: FEBRUARY 14, INC** | |

### Domestic Address

| |
|---|
| 1521 INDUSTRIAL BLVD |
| LAKE HAVASU CITY,  AZ  86403 |

### Second Corp. Address

| |
|---|
| , |

### Statutory Agent Information

| |
|---|
| **Agent Name:**  HARVEY R JACKSON |
| |
| **Agent Mailing/Physical Address:** |
| 3479 MCCULLOCH BLVD N |
| LAKE HAVASU CITY,  AZ  86406 |
| |
| **Agent Status:** APPOINTED 10/25/2007 |
| **Agent Last Updated:** 12/03/2007 |

### Additional Corporate Information

| | |
|---|---|
| **Corporation Type:** BUSINESS | **Business Type:** RETAIL SALES |
| **Incorporation Date:**  10/25/2007 | **Corporate Life Period:** PERPETUAL |
| **Domicile:**  ARIZONA | **County:** MOHAVE |
| **Approval Date:**  11/02/2007 | **Original Publish Date:**  11/29/2007 |

### Officer Information

| | |
|---|---|
| JAMES  DOLAN<br>PRESIDENT/CEO | HANNE  DOLAN<br>SECRETARY |

```
1521 INDUSTRIAL BLVD
LAKE HAVASU CITY,AZ  86403
Date of Taking Office: 11/21/2008
Last Updated: 10/16/2009
```

```
1521 INDUSTRIAL BLVD
LAKE HAVASU CITY,AZ  86403
Date of Taking Office: 11/21/2008
Last Updated: 10/16/2009
```

## Director Information

```
THOR OLSEN
DIRECTOR
1521 INDUSTRIAL BLVD
LAKE HAVASU CITY,AZ  86403
Date of Taking Office: 11/21/2008
Last Updated: 10/16/2009
```

```
HANNE DOLAN
DIRECTOR
1521 INDUSTRIAL BLVD
LAKE HAVASU CITY,AZ  86403
Date of Taking Office: 11/21/2008
Last Updated: 10/16/2009
```

```
JAMES DOLAN
DIRECTOR
1521 INDUSTRIAL BLVD
LAKE HAVASU CITY,AZ  86403
Date of Taking Office: 11/21/2008
Last Updated: 10/16/2009
```

```
SUSANNE OLSEN
DIRECTOR
1521 INDUSTRIAL BLVD
LAKE HAVASU CITY,AZ  86403
Date of Taking Office: 11/21/2008
Last Updated: 10/16/2009
```

## Annual Reports

**Next Annual Report Due: 10/25/2010**

| File Year | File Month | Date Received | Reason Returned | Date Returned | Extension |
|---|---|---|---|---|---|
| 2009 | 10 | 09/17/2009 | | | |
| 2008 | 10 | 12/31/2008 | | | |

Back To Top

## Scanned Documents

**(Click on gray button to view document - will open in a new window)**

| Document Number | Description | Date Received |
|---|---|---|
| | ARTICLES | 11/01/2007 |
| | PUB OF ARTICLES | 11/29/2007 |
| | 08 ANNUAL REPORT | 12/31/2008 |
| | 09 ANNUAL REPORT | 09/17/2009 |

Back To Top

## Microfilm

| Location | Date Received | Description |
|---|---|---|
| 32086003839 | 11/01/2007 | ARTICLES |
| 32091004963 | 11/29/2007 | PUB OF ARTICLES |

Back To Top

- **Corporate Name Search Instructions**
- **General Web Site Usage Instructions**
- **Return to STARPAS Main Menu**
- **Return to A.C.C. Corporations Division Main Page**
- **Return to Arizona Corporation Commission Home Page**

# EXHIBIT "4"

**SCHIAN WALKER, P.L.C.**
3550 NORTH CENTRAL AVENUE, #1700
PHOENIX, ARIZONA 85012-2115
TELEPHONE: (602) 277-1501
FACSIMILE: (602) 297-9633
E-MAIL: ecfdocket@swazlaw.com
DALE C. SCHIAN, #010445
CODY J. JESS. #025066
Attorneys for Roepstorff

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | No. 0-10-bk-30231-RJH |
| THOR OLSEN, | CHAPTER 15 |
| Debtor. | **ORDER RECOGNIZING FOREIGN MAIN PROCEEDING** |

WHEREAS, Michala Roepstorff (the "**Trustee**") is the duly appointed trustee and the foreign representative of Thor Olsen (the "**Debtor**"), a Danish citizen, against whom an involuntary petition was filed in Holbæk, Denmark on April 20, 2010 (the "**Danish Proceeding**");

WHEREAS, the Trustee, by and through her United States counsel, Schian Walker, P.L.C., filed a petition pursuant to Chapter 15 of the United States Bankruptcy Code (the "**Code**") on September 22, 2010, commencing this Chapter 15 case ancillary to the Danish Proceeding (the "**Chapter 15 Petition**"), and an application seeking (1) recognition of the Danish Proceeding as a "foreign main proceeding;" and (2) an order granting additional provisional relief prior to recognition (the "**Application**");

WHEREAS, due and timely notice of the filing of the Application having been given pursuant to an order of this Court, and which notice is deemed adequate for all purposes and no other or further notice need be given;

WHEREAS, a hearing having been held before this Court on _____, 2010 to consider the Application, and the Court having considered all pleadings and exhibits submitted by the

Trustee in support of the Application, and no objections or responses having been filed that have not otherwise been withdrawn, overruled or otherwise resolved, and all interested parties having had an opportunity to be heard, and the Court having heard argument by counsel appearing at the hearing, and after due deliberation and sufficient cause appearing therefore, the Court finds and concludes as follows:

A. The Debtor is subject to a pending foreign proceeding within the meaning of § 101(23) of the Code;

B. The Debtor is subject to a pending foreign main proceeding within the meaning of § 1502(4) of the Code;

C. The Trustee is the foreign representative of the Debtor within the meaning of § 101(24) of the Code;

D. The Chapter 15 case was properly commenced pursuant to §§ 1504 and 1515 of the Code;

E. The Chapter 15 Petition satisfied the requirements of § 1515 of the Code;

F. The Trustee is entitled to all relief provided pursuant to § 1520 of the Code without limitation;

G. The Trustee is entitled to additional relief pursuant to § 1521 of the Code without limitation;

H. The relief granted hereby is necessary and appropriate, in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to §§ 1520 and 1521 of the Code, and will not cause undue hardship to the Debtor, the Trustee, or other parties in interest that is not outweighed by the benefits of granting such relief;

I. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and

J. Venue is proper in this district pursuant to 28 U.S.C. § 1410.

NOW THEREFORE, IT IS HEREBY ORDERED:

1. That the Danish Proceeding is granted recognition pursuant to § 1517(a) of the

Code;

2. That the Danish Proceeding is granted recognition as a foreign main proceeding pursuant to § 1517(b)(1) of the Code;

3. That all relief afforded a foreign main proceeding pursuant to §§ 1520 and 1521 of the Code are granted without limitation;

4. That this Order shall be served upon all known creditors (or their counsel) of the Debtor by electronic mail, facsimile transmission, U.S. Mail, first class postage prepaid, or overnight courier, on or before seven (7) days from date of entry of this order; and

5. That service in accordance with this Order shall constitute adequate and sufficient service and notice.

DATED AND SIGNED ABOVE.

143804.2

# EXHIBIT "5"

**SCHIAN WALKER, P.L.C.**
3550 NORTH CENTRAL AVENUE, #1700
PHOENIX, ARIZONA 85012-2115
TELEPHONE: (602) 277-1501
FACSIMILE: (602) 297-9633
E-MAIL: ecfdocket@swazlaw.com
DALE C. SCHIAN, #010445
CODY J. JESS. #025066
Attorneys for Roepstorff

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | No. 0-10-bk-30231-RJH |
| THOR OLSEN, | CHAPTER 15 |
| Debtor. | **ORDER GRANTING PROVISIONAL RELIEF PENDING RECOGNITION OF A FOREIGN MAIN PROCEEDING PURSUANT TO CHAPTER 15** |

WHEREAS, Michala Roepstorff (the "**Trustee**") is the duly appointed trustee and the foreign representative of Thor Olsen (the "**Debtor**"), a Danish citizen, against whom an involuntary petition was filed in Holbæk, Denmark on April 20, 2010 (the "**Danish Proceeding**");

WHEREAS, the Trustee, by and though her United States counsel, Schian Walker, P.L.C., filed a petition pursuant to Chapter 15 of the United States Bankruptcy Code (the "**Code**") on September 22, 2010, commencing this Chapter 15 case ancillary to the Danish Proceeding (the "**Chapter 15 Petition**"), and an application seeking (1) recognition of the Danish Proceeding as a "foreign main proceeding;" and (2) an order granting additional provisional relief prior to recognition (the "**Application**");

WHEREAS, the Debtor's habitual residence is in Denmark, which is his center of main interests.

WHEREAS, the Trustee has requested an order of this Court granting provisional relief in support of the Danish Proceeding pursuant to § 1519(a) of the Code pending the entry of the order of

recognition;

WHEREAS, notice of the Application has been provided to the Debtor;

WHEREAS, the Court has considered and reviewed the Chapter 15 Petition and all pleadings and exhibits submitted by the Trustee in support of the Chapter 15 Petition, including the Application, and for good cause appearing, the Court finds and concludes as follows:

A.      The Trustee has demonstrated a substantial likelihood of success that the Debtor is subject to a foreign main proceeding pending in Denmark and that the Trustee is the foreign representative of the Debtor;

B.      Unless provisional relief is issued, it appears that the Debtor may dispose, encumber and/or secret away his assets to the detriment of the Debtor's creditors.  As a result, the Debtor's creditors will suffer immediate and irreparable harm for which they will have no adequate remedy at law.  Therefore, it is necessary that the Court grant the requested relief to parties in interest or their counsel;

C.      The interest of the public will be served by this Court's granting of the relief requested by the Trustee; and

D.      The relief requested is not contrary to the public policy of the United States, rather is consistent with the stated purposes of Chapter 15 of the Code.

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      That all of the Debtor's assets located in the United States are entrusted in the Trustee for administration or realization;

2.      That the Debtor's right to transfer, encumber or otherwise dispose of any assets is suspended;

3.      That the Trustee may examine witnesses, take evidence, and/or seek delivery of information concerning the Debtor's assets, affairs, rights, obligations and/or liabilities in the United States; and

1    4.  That this Order shall be served by electronic mail, facsimile transmission, U.S.

2 Mail, first class postage prepaid, or overnight courier, on the Debtor, all known creditors (or their

3 counsel) of the Debtor, and on all other parties against whom relief is sought, as soon as practicable after

4 entry of the Order, which service shall be deemed good and sufficient service and adequate notice for all

5 purposes.

6    DATED AND SIGNED ABOVE.

7 143805.2

-3-

# EXHIBIT "6"

1  **SCHIAN WALKER, P.L.C.**
   3550 NORTH CENTRAL AVENUE, #1700
2  PHOENIX, ARIZONA 85012-2115
   TELEPHONE: (602) 277-1501
3  FACSIMILE: (602) 297-9633
   E-MAIL: ecfdocket@swazlaw.com
4  DALE C. SCHIAN, #010445
   CODY J. JESS. #025066
5  Attorneys for Roepstorff

6              UNITED STATES BANKRUPTCY COURT

7                   DISTRICT OF ARIZONA

8
   In re:                              No. 0-10-bk-30231-RJH
9
   THOR OLSEN,                         CHAPTER 15
10
                    Debtor.            **NOTICE OF FILING AND HEARING ON
11                                      PETITION UNDER CHAPTER 15 OF THE
                                        UNITED STATES BANKRUPTCY CODE**
12
                                       DATE:
13                                     TIME:
                                       LOCATION: Mohave County Superior Court
14                                               2225 Trane Road
                                                 Bullhead City, Arizona
15                                               Courtroom R
16

17           PLEASE TAKE NOTICE that Michala Roepstorff (the "**Trustee**"), the duly appointed

18  trustee and the foreign representative of Thor Olsen (the "**Debtor**"), a Danish citizen, against whom an

19  involuntary petition was filed in Holbæk, Denmark on April 20, 2010 (the "**Danish Proceeding**"), filed

20  a petition pursuant to Chapter 15 (the "**Chapter 15 Petition**") of the United States Bankruptcy Code (the

21  "**Code**") commencing a Chapter 15 case ancillary to the Danish Proceeding.  In her Chapter 15 Petition

22  and *Application Pursuant to Chapter 15 Seeking Entry of an Order Recognizing Foreign Main*

23  *Proceeding and Granting Provisional Injunctive and Related Relief* (the "**Application**"), the Trustee is

24  seeking (1) recognition of the Foreign Proceeding as a "foreign main proceeding;" (2) an order granting

25  certain provisional injunctive relief pending entry of the recognition order; and (3) an order approving

26  the notice and manner of service and setting a hearing date on the Application.

1    PLEASE TAKE NOTICE that the United States Bankruptcy Court for the District of

2    Arizona has set a hearing on the Chapter 15 Petition and Application for _____,

3    2010 at _____ _____ (Arizona time), before the Honorable _____,

4    Mohave County Superior Court, 2225 Trane Road, Courtroom R, Bullhead City, Arizona 86442.

5            PLEASE TAKE NOTICE that any party wishing to submit an objection or response to

6    the Chapter 15 Petition or Application must do so in writing describing the bases therefore, and which

7    objection must be filed with the Clerk of the Court and served on counsel for the Trustee, Schian

8    Walker, P.L.C., c/o Dale C. Schian, Esq. and Cody J. Jess, Esq., 3550 North Central Avenue, Suite

9    1700, Phoenix, Arizona 85012 at least two (2) business days prior to the hearing date.

10            PLEASE TAKE NOTICE that all parties opposed to the Chapter 15 Petition and the

11   Application must appear at the hearing at the time and place set forth above. If no objection or response

12   is timely filed and served as provided above, the Bankruptcy Court may grant the relief requested by the

13   Trustee without further notice.

14            DATED this _____ day of _____, 2010.

15                               SCHIAN WALKER, P.L.C.

16

17

18                               By_____
                                         Dale C. Schian
19                                       Cody J. Jess
                                         Attorneys for Roepstorff
20

21

22

23

24

25

26
                                         -2-

COPY of the foregoing sent
via Certified Mail this _____
day of _____, 2010, to:

Thor Olsen
3209 Dolphin Drive
Lake Havasu City, Arizona  86403

and COPY mailed to:

United States Trustee
230 North First Avenue, #204
Phoenix, Arizona  85003-1706

_____

143808.2

-3-

# EXHIBIT "7"

**SCHIAN WALKER, P.L.C.**
3550 NORTH CENTRAL AVENUE, #1700
PHOENIX, ARIZONA 85012-2115
TELEPHONE: (602) 277-1501
FACSIMILE: (602) 297-9633
E-MAIL: ecfdocket@swazlaw.com
DALE C. SCHIAN, #010445
CODY J. JESS. #025066
Attorneys for Roepstorff

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | No. 0-10-bk-30231-RJH |
| THOR OLSEN, | CHAPTER 15 |
| Debtor. | **ORDER SCHEDULING HEARING AND SPECIFYING THE FORM AND MANNER OF SERVICE OF CHAPTER 15 PETITION**<br><br>DATE:<br>TIME:<br>LOCATION:  Mohave County Superior Court<br>2225 Trane Road<br>Bullhead City, Arizona<br>Courtroom R |

WHEREAS, Michala Roepstorff (the "**Trustee**") is the duly appointed trustee and the foreign representative of Thor Olsen (the "**Debtor**"), a Danish citizen, against whom an involuntary petition was filed in Holbæk, Denmark on April 20, 2010 (the "**Danish Proceeding**"); and

WHEREAS, the Trustee, by and through her United States Counsel, Schian Walker, P.L.C., filed a petition pursuant to Chapter 15 of the United States Bankruptcy Code (the "**Code**") on September 22, 2010, commencing this Chapter 15 case ancillary to the Danish Proceeding (the "**Chapter 15 Petition**"), and an application seeking (1) recognition of the Danish Proceeding as a "foreign main proceeding;" and (2) an order granting additional provisional relief prior to recognition; and (3) and order approving the notice and manner of service and setting a hearing date thereon (the "**Application**").

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      That a hearing on the relief requested in the Application shall be heard on _____ _____, 2010 at _____ _____ (Arizona time), before the Honorable _____, Mohave County Superior Court, 2225 Trane Road, Courtroom R, Bullhead City, Arizona 86442;

2.      That the form of Proposed Notice attached to the Application is approved;

3.      That copies of the Proposed Notice, Chapter 15 Petition, Application, and the related documents filed in support thereof (the "**Service Documents**") shall be served by U.S. Mail, first class postage prepaid, overnight courier, electronic transmission, or facsimile transmission upon the Debtor, all known creditors, and all other parties against whom relief is sought on or before seven (7) days from date of entry of this Order, in accordance with Rules 2002(q)(1) and 9007.  The Trustee, through its counsel, will effectuate service;

4.      That service pursuant to this Order shall be good and sufficient service and adequate notice of the hearing to consider the Chapter 15 Petition and the Application; and

5.       That any objection or response to the Service Documents must be in writing describing the basis therefore and shall be filed with the Court electronically and served upon the Trustee's counsel, Schian Walker, P.L.C., c/o Dale C. Schian, Esq. and Cody J. Jess, Esq., 3550 North Central Avenue, Suite 1700, Phoenix, Arizona 85012 at least two (2) business days prior to the hearing date.

DATED AND SIGNED ABOVE.

143807.2

-2-